```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
VANESSA JAMES,                                         :
                                                       :
                        Plaintiff,                     :      MEMORANDUM & ORDER
                                                       :      21-CV-1059 (WFK) (LB)
                v.                                     :
                                                       :
ANTHONY EDWARDS,                                       :
                                                       :
                        Defendant.                     :
-------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:**

Vanessa James ("Plaintiff"), proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 against her brother Anthony Edwards. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is GRANTED. For the reasons discussed below, the action is DISMISSED.

## BACKGROUND

Plaintiff brings this action against her brother Anthony Edwards in relation to the execution of their deceased father's will in Queens County Surrogate's Court. Plaintiff's father passed away on July 30, 2019, and Plaintiff alleges that her brother, who is the Executor of the estate, filed a petition in Queens County Surrogate's Court on November 11, 2020, "that is full of false exag[g]erated statements that could impede me from receiving my beneficiary inherit[a]nce." Complaint ("Compl.") at 4, ECF No. 1. Plaintiff further states that her brother cleaned out their father's house and destroyed documents that would show that her father told her that the house belonged to her. *Id.* at 5. Plaintiff seeks $100,000.00 in money damages. *Id.*

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a pro se complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## DISCUSSION

Plaintiff brings this action under 42 U.S.C. § 1983, which provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979); *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law."

*Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted); *Grogan v. Blooming Cove Volunteer Ambulance Corps*, 768 F.3d 259, 263 (2d Cir. 2014) ("Because the United States Constitution regulates only the Government, not private parties, a litigant . . . who alleges that her constitutional rights have been violated must first establish that the challenged conduct constitutes state action.") (quoting *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted))). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.*; *see also Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999). Plaintiff has failed to allege facts supporting any inference that Anthony Edwards is not a private party or that he has acted under color of state law. Therefore, Plaintiff's § 1983 claims against Mr. Edwards are dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B).[1]

## CONCLUSION

Accordingly, the action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii). Whereas ordinarily the Court would allow Plaintiff an opportunity to file an amended complaint, *see Cruz v. Gomez*, 202 F.3d 593, 597–98 (2d Cir. 2000), it need not afford that opportunity here where it is clear from Plaintiff's complaint that any attempt to amend the complaint would be

---

[1] It is noted that the Court also lacks jurisdiction over this matter as the action falls within the probate exception to federal jurisdiction. In *Marshall v. Marshall*, 547 U.S. 293, 296 (2006) the Supreme Court clarified the scope of the probate exception, holding it applies to claims that: (1) "involve the administration of an estate, the probate of a will, or any other purely probate matter," or (2) "seek to reach a res in the custody of a state court." *Id.* at 312 (internal quotations and citations omitted); *see also King v. Shou-Kung Wang*, 663 F. App'x 12, 13 (2d Cir. 2016) ("Post–*Marshall*, the probate exception is to be construed narrowly, such that unless a federal court is endeavoring to (1) probate or annul a will, (2) administer (or invalidate the administration of) an estate, or (3) assume in rem jurisdiction over property that is in the custody of the probate court, the probate exception does not apply." (citing *Lefkowitz*, 528 F.3d at 105–06)). Plaintiff is seeking to annul her father's will and invalidate the administration of his estate, which falls squarely within the probate exception.

futile. *See Ashmore v. Prus*, 510 Fed. App'x 47, 49 (2d Cir. 2013) (leave to amend is futile where barriers to relief cannot be surmounted by reframing the complaint); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend a pro se complaint where amendment would be futile).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444–45 (1962).

**SO ORDERED.**

s/ WFK
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: April 6, 2021
      Brooklyn, New York

4